IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00783-CMA-MJW

FRANK NEYLAND,

   Plaintiff,

v.

PAYCHEX, INC.,

   Defendant.

---

**ORDER ADOPTING AND AFFIRMING JUNE 22, 2017 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court upon the Recommendation of United States Magistrate Judge Michael J. Watanabe that Defendant's Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) (Doc. # 14) be granted. (Doc. # 24.)

The Court referred the underlying motion pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 15.) On June 22, 2017, Magistrate Judge Watanabe issued his Report and Recommendation (the "Recommendation") that this Court grant Defendant's motion and dismiss Plaintiff's claims. (Doc. # 24.) Plaintiff timely objected to the Recommendation. (Doc. # 25.) Defendant thereafter filed a response to the objection. (Doc. # 26.)

For the reasons described herein, the Recommendation is adopted as an order of this Court, and Defendant's Motion to Dismiss is granted.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

The Magistrate Judge's Recommendation provides a recitation of the factual and procedural background of this case. *See* (Doc. # 24.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the factual background of this dispute will be reiterated only to the extent necessary to address Plaintiff's objections.

On June 8, 2004, Plaintiff's employer, Colorado Construction Supply ("CCS"), entered into an agreement with ePlan Services ("ePlan") and Citywide Retirement Services, LLC ("Citywide") for 401(k) plan services for CCS employees. (Doc. # 4 at ¶ 4.) Thereafter, Plaintiff opened a 401(k) plan (the "Plan") with ePlan and Citywide and deposited $243,568.19 in his account. (*Id.* at ¶ 5.) Plaintiff was the designated trustee and administrator of his Plan. (*Id.* at ¶ 6.)

Two months later, without Plaintiff's knowledge, $50,000 was taken out of his Plan as a loan. (*Id.* at ¶ 7.) The loan documents produced by Citywide did not contain Plaintiff's signature. (*Id.* at ¶ 8.) In addition, Citywide and ePlan failed to issue to the Internal Revenue Service ("IRS") a CP2000 and a 1099 form—each a type of tax form—for the distribution of the loan. Eventually, the loan was not repaid and went into default. (*Id.* at ¶¶ 17–19.) The IRS also did not receive the requisite tax forms for the defaulted loan. (*Id.*)

---

[1] The facts are drawn from the allegations in Plaintiff's Complaint, which must be taken as true when considering a motion to dismiss. *Wilson v. Montano,* 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya,* 662 F.3d 1152, 1162 (10th Cir. 2011)).

A few months later, CCS was sold, and Plaintiff's Plan was consequently canceled. (*Id.* at ¶ 12.) Plaintiff contacted ePlan and requested via e-mail the balance on his Plan and any tax information.[2] (*Id.* at ¶ 13.) Thereafter, Plaintiff rolled over the remaining balance of $192,886.97—approximately $50,000 less than he initially deposited—from his Plan into a Wells Fargo bank account. (*Id.* at ¶ 15.)

Seven years later, Defendant Paychex, Inc. purchased ePlan. (*Id.* at ¶ 16.) In 2012, the Colorado Secretary of State registered Citywide as a delinquent business. (*Id.* at ¶ 10.)

Plaintiff contends he first learned of the $50,000 loan from his Plan in April 2015, when the IRS contacted him and requested back taxes on the defaulted loan. (*Id.* at ¶¶ 22–23.) Subsequently, Plaintiff received all of the necessary tax forms.[3] Plaintiff discovered he did not receive the forms due to a "nine year computer glitch experienced by ePlan and Defendant." (*Id.* at ¶¶ 18–19, 27.) After an audit, the IRS concluded that Plaintiff was the victim of identity theft. (*Id.* at ¶ 25.)

Plaintiff brought this action against Defendant in Douglas County District Court in March 2017. (Doc. # 1.) Plaintiff asserted five claims for relief: breach of contract, negligence, breach of agreement, breach of fiduciary duty, and outrageous conduct. (Doc. # 4.) Defendant timely removed the case pursuant to 28 U.S.C. § 1332. (Doc. # 1.)

---

[2] The Complaint does not make clear whether or not Plaintiff received the requested information from ePlan.
[3] The Complaint does not identify who sent the tax forms.

Defendant filed its Motion to Dismiss, arguing Plaintiff's claims are barred by the statute of limitations and by the economic loss rule. (Doc. # 14.) Defendant also asserted that Plaintiff's claims failed as a matter of law because it (Paychex) was not involved in the events giving rise to the claims. (*Id.*)

On June 22, 2017, the Magistrate Judge recommended that this Court grant Defendant's Motion to Dismiss based on the statute of limitations.[4] (Doc. # 24.) The Magistrate Judge concluded that, when Plaintiff rolled over a balance of $192,886.97—$50,000 less than and a 20 percent decrease in value from Plaintiff's deposit of $243,568.19—on December 20, 2004, Plaintiff should have discovered the existence of loan. (*Id.* at 7.) Therefore, pursuant to Colorado's statutes of limitations, Plaintiff was required to assert his tort claims no later than December 20, 2006, and his contract claims no later than December 20, 2007. (*Id.* at 7–8.) Because the Magistrate Judge concluded the statute of limitations barred Plaintiff's claims, he did not address the economic loss rule. (*Id.* at 8 n.3.)

Plaintiff timely objected to the Recommendation, arguing only that his claims are not barred by the statute of limitations because he did not learn of the loan until 2015. (Doc. # 25.) Plaintiff did not object to the other portions of the Magistrate Judge's Recommendation. (*Id.*)

---

[4] The Magistrate Judge noted that Plaintiff had failed to allege sufficient facts to maintain a claim against Defendant as a successor corporation of ePlan, but also determined Plaintiff could correct this pleading deficiency through an amended complaint. However, his recommendation on the statute of limitations renders moot this issue.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 72(b)(3) requires that this Court review all issues that were properly objected to *de novo*. In so doing, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## III. ANALYSIS

### A. STATUTE OF LIMITATIONS

Colorado law provides that any breach of contract claim is governed by a three year statute of limitations. *See* C.R.S. § 13-80-101(1)(a). A cause of action for breach of contract accrues "on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." C.R.S. § 13-80-108(6); *see also Grant v. Pharmacia & Upjohn Co.*, 314 F.3d 488, 493 (10th Cir. 2002).

The statute of limitations for tort claims of negligence and outrageous conduct are governed by a two year statute of limitations. *See* C.R.S. § 13-80-102(1)(a). A cause of action for a tort claim is "considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1); *see also Winkler v. Rocky Mountain Conf. of the United Methodist Church*, 923 P.2d 152, 158 (Colo. App. 1995).

In response to Defendant's Motion to Dismiss, Plaintiff argued he did not become aware of the defaulted loan until December 2015 because: (1) he never received the requisite tax forms to have put him on notice of a defaulted loan; (2) the 20 percent decrease in his Plan did not alert him because the market conditions were volatile; and

5

(3) he did not have a fiduciary duty to manage his Plan.  (Doc. # 17.)  Plaintiff's Objection to the Recommendation reiterates these arguments.  See (Doc. # 25.)

Having reviewed the Complaint, Defendant's Motion to Dismiss, all briefs, the Recommendation, Plaintiff's Objections, and Defendant's Response, the Court agrees with the Magistrate Judge that Plaintiff, as the Plan's trustee and administrator, had a fiduciary duty with respect to the management of the account, regardless of the market conditions or the failure to receive any tax forms.  See 29 U.S.C.A. § 1103(a).  A reasonable person would have looked into the unexplained disappearance of $50,000 from his retirement account as soon as he was made aware that the value of his account had decreased by 20 percent.  In other words, Plaintiff was put on notice on December 20, 2004—the date his Plan was cancelled and Plaintiff rolled over $50,000 less than what he deposited.  This is the date on which Plaintiff had knowledge of facts which would put a trustee and administrator on notice of the processing of the loan.

Accordingly, Plaintiff's failure to assert his tort claims by December 20, 2006, and his breach of contract claims by December 20, 2007, renders Plaintiff's claims barred as a matter of law.

**B.    EQUITABLE TOLLING**

In light of this analysis of the statute of limitations, the Court *sua sponte* considers the doctrine of equitable tolling, which permits courts to extend a statute of limitation in order to prevent injury.  See *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012).  Colorado law recognizes that "equity may require tolling of the statutory period . . . [to] accomplish the goals of justice."  *Dean Witter*

*Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996). However, "an equitable tolling of a statute of limitations is limited to situations in which either the **defendant has wrongfully impeded** the plaintiff's ability to bring the claim or **truly extraordinary circumstances** prevented the plaintiff from filing his or her claim **despite diligent efforts**." *Id*. at 1099 (emphasis added); *see also Malm v. Villegas*, 342 P.3d 422, 426 (Colo. 2015).

Because "[t]he purpose of a court sitting in equity is to promote and achieve justice with some degree of flexibility," a court's "exercise of equitable jurisdiction requires an inquiry into the particular circumstances of the case." *Garrett v. Arrowhead Imp. Assoc.*, 826 P.2d 850, 855 (Colo. 1992). The burden is on a plaintiff to show that a statute has been tolled once the statute of limitations has been raised as an affirmative defense. *Id*.

The facts of this case do not support the application of equitable tolling. First, Plaintiff has not alleged that Defendant "wrongfully impeded" his ability to bring these claims. *See Dean Witter Reynolds,* 911 P.2d at 1099. For example, Plaintiff does not allege that Defendant fraudulently concealed the loan taken out of his Plan. *See id*. (holding that the facts did not show fraudulent concealment by the defendant banks, and thus, equitable tolling did not apply). Nor does Plaintiff allege that Defendant failed to meet any specific statutory duty to inform Plaintiff about the loan. *See Strader v. Beneficial Finance Co. of Aurora*, 551 P.2d 720, 724 (Colo. 1976) (holding that a defendant's failure to provide information that he was under a statutory duty to disclose provided an equitable basis for tolling the statute of limitations). Second, Plaintiff has

7

not alleged any "truly extraordinary circumstances" that prevented him from filing his claims "despite diligent efforts." *See Dean Witter Reynolds,* 911 P.2d at 1099. In *Dean Witter Reynolds,* 911 P.2d at 1097, the Colorado Supreme Court noted three cases from other jurisdictions where extraordinary circumstances tolled the statute of limitations. "All of those cases involved facts where the plaintiff was truly precluded from bring a claim by circumstances outside of his or her control." *Brodeur v. American Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007). For reasons the Court has already explained, Plaintiff in the instant case faced no circumstances outside of his control, and he did not use "diligent efforts" in managing his Plan. The Court therefore declines to equitably toll the statutes of limitations for Plaintiff's claims.

Accordingly, the Court adopts the Magistrate Judge's Recommendation and grants Defendant's Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS and ADOPTS the Recommendation of Magistrate Judge Michael J. Watanabe (Doc. # 24) as the findings and conclusions of this Court. Accordingly, it is

FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. # 14) is GRANTED.

DATED: November 30, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge